# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 26, 2026

Lyle W. Cayce
Clerk

No. 25-40299
Summary Calendar

_____

Wendy Renee Venglar,

*Plaintiff—Appellant*,

*versus*

Linda Jarmillio,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:24-CV-41

_____

Before Davis, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Wendy Renee Venglar, proceeding pro se, appeals the district court's dismissal without prejudice of her civil action for lack of subject-matter jurisdiction. We review this dismissal de novo. *Khalil v. Hazuda*, 833 F.3d 463, 466 (5th Cir. 2016). As the party asserting jurisdiction, Venglar had the burden to prove that jurisdiction existed. *See Ramming v. United States*, 281

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40299

F.3d 158, 161 (5th Cir. 2001). She has failed to show any basis for federal subject-matter jurisdiction regarding her complaint. *See* 28 U.S.C. §§ 1331, 1332; *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Although she contends that the district court should have transferred her complaint to state court pursuant to 28 U.S.C. § 1404(a), she has not shown that § 1404(a) authorizes such a transfer. *See Pope v. Atl. Coast Line R. Co.*, 345 U.S. 379, 384 (1953).

The district court's judgment is AFFIRMED.